O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES D. MIMS, | ) | CV 08-08341-SVW (DTB) |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS, |
| | ) | CONCLUSIONS AND |
| v. | ) | RECOMMENDATIONS OF UNITED |
| | ) | STATES MAGISTRATE JUDGE |
| J. WALKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has examined the Petition, all the records and files herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation. Having made a *de novo* determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.

The Court notes that Petitioner raises two new arguments in his Objections to the Report and Recommendation that were not included in his Petition. These claims are for insufficiency of the evidence and failure to instruct on a lesser included offense. (Objections at 11-

13.) For the reasons stated below, these additional claims do not affect the dismissal of the Petition.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). In order to fully exhaust his state court remedies, a prisoner "must fairly present all of his claims to the highest state court." Carter v. Giurbino, 385 F.3d 1194, 1196 (9th Cir. 2004). Here, Petitioner has not presented his additional claims to the California Supreme Court. Therefore, even if the Court were to consider these claims that were raised for the first time in his Objections, see Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002), the claims must be rejected as unexhausted.

Furthermore, Petitioner cannot prevail on the merits of these additional claims. In order to prevail on a claim of insufficiency of the evidence, Petitioner must show that, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). In habeas corpus cases, there is another layer of deference, requiring a showing that the state court decision was an unreasonable application of the Jackson standard. Juan H. v. Allen, 408 F.3d 1262, 1274-75 (9th Cir. 2005). Petitioner cannot meet that burden here, where there was direct testimony from the victim that he found Petitioner in his apartment.

With respect to the jury instructions, "[i]t is well established that a criminal defendant is entitled to adequate instructions on the defense theory of the case." Conde v. Henry, 198 F.3d 734, 739 (9th Cir. 1999). A federal court, however, may not grant habeas relief

unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). In his Objections, Petitioner argues that there was no evidence of his intent to permanently deprive the owner of his property and that the trial court should have instructed the jury with the lesser included offense of attempted burglary. Petitioner claims "the owner of the contested property never testified that petitioner intended to deprive him of said property, nor was there any evidence that petitioner removed said property from the residence." (Objections at 13.)

Petitioner's argument is incorrect for a number of reasons. First, it was not necessary for the owner of the property to testify as to Petitioner's intent in order for the jury to find intent. "The jury may infer a defendant's specific intent to commit a crime from all of the facts and circumstances shown by the evidence." People v. Lindberg, 45 Cal. 4th 1, 27 (2008). Second, it was not necessary for Petitioner to have removed any property from the premises. In California, "the crime of burglary, unlike robbery, does not include asportation as one of its elements." People v. Joiner, 84 Cal. App. 4th 946, 968 (Ct. App. 2000). Third, an instruction on attempted burglary would not be appropriate if there were weak evidence of intent to steal. Attempted burglary requires a "specific intent to commit a crime, and a direct but ineffectual act done toward its commission." People v. Prince, 40 Cal. 4th 1179, 1256 (2007) (quoting Cal. Penal Code § 21(a)). Burglary itself requires entry into a home "with the intent to commit grand or petit larceny or any felony." Id. (quoting

Cal. Penal Code § 459). Thus, attempted burglary requires the same intent to steal that burglary does.

Even if the Court were to address these additional claims, Petitioner has made no showing whatsoever that the failure to instruct resulted in a substantial and injurious effect on the jury's verdict. In addition, had Petitioner attempted to make such a showing, it would fail on the merits. The jury was presented with sufficient evidence on which to convict Petitioner of burglary. The trial court did not determine that the facts warranted an instruction on attempted burglary. Nor did Petitioner's testimony at trial-that he does not even remember being in the apartment-support a theory of attempted burglary. Therefore, habeas relief is inappropriate.

Accordingly, IT IS ORDERED that Judgment shall be entered dismissing the action with prejudice, and the Clerk shall serve copies of this Order and the Judgment herein on the parties.

IT IS SO ORDERED.

DATED: April 20, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE